UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFE SKILLS, )<br> Plaintiff, )<br> )<br>v. )<br> )<br>HARLEYSVILLE INSURANCE )<br>COMPANY, )<br> Defendant. )<br> ) | CIVIL ACTION NO.: 4:22-cv-40064 |

**AMENDED COMPLAINT AND JURY CLAIM**

Plaintiff Life Skills hereby amends its Complaint, as a matter of course under FRCP 15(a)(1)(B) to correct the name of the defendant, as per the allegations of defendant's Removal papers.

COUNT I (Breach of Contract)

1. Plaintiff Life Skills, Inc. ("Life Skills") has at all times material been a duly-organized corporation which provides residential and day habilitation services to individuals diagnosed with autism and to intellectually and developmentally disabled adults at various facilities in Massachusetts, with its office located at 44 Morris Street, Webster, Worcester County, Massachusetts.

2. Defendant Harleysville Insurance Company ("Harleysville") has at all times material been a duly licensed insurance company with an office located at One West Harleysville Blvd. Columbus, OH 43215-2220, doing and transacting business and issuing insurance policies in Massachusetts, all of which activities are causally related to this cause of action.

3. The Defendant Harleysville issued a commercial package insurance policy, No. MPA00000019116E, effective October 14, 2019 to October 14, 2020 ("Policy"), providing

insurance coverage to Plaintiff Life Skills' various facilities in the event of various casualties, including loss due to a collapse.

4. On or about May 5, 2020, the facility located at 44 Morris Street, Webster ("Property"), with building limits in the amount of $3,038,300, sustained severe damage from a collapse, roughly 8-10 inches in depth, at the northwest corner of a ceramics classroom.

5. Defendant Harleysville received prompt notice, and assigned an adjuster to the scene.

6. On June 8, 2020, Life Skills received an email from Harleysville (Exhibit A hereto) confirming that coverage for the loss had been afforded due to hidden decay.

7. On June 8, 2020, Life Skills received further confirmation that Harleysville had afforded coverage, by way of a letter dated June 8, 2020, confirming a forthcoming actual cash value (ACV) payment in the amount of $49,481.06 (Exhibit B), requesting that Life Skills provide Harleysville with incurred demolition invoices and confirming that the Policy in force provides replacement cost value (RCV) coverage.

8. On June 8, 2020, Life Skills received further confirmation of afforded coverage, by way of a detailed offer or estimate, in the amounts of $59,875.77 RCV and $51,981.06 ACV (Exhibit C).

9. Subsequently, Life Skills received a check in the amount of $49,481.06, representing the ACV offer (Exhibit D).

10. Plaintiff is informed and believes, and therefore avers, that on June 10, 2020, an engineer retained by Harleysville inspected the Property.

11. On or about July 9, 2020, Life Skills received a denial letter from Harleysville (Exhibit E), allegedly based on an engineering report.

12. On July 10, 2020, Life Skills received an engineering report written by EFI Global (Exhibit F), stating that the "detachment and dislodgement of the timber beam that resulted in the vertical displacement of the floor was not a collapse", as defined by the 2015 International Building Code and the Merriam-Webster dictionary.

13. On or about May 18, 2021, Plaintiff Life Skills retained a public adjuster, Mario J. Dies ("Dies"), to assist it in making claims for damage to the building.

14. By letter dated June 13, 2021, Dies submitted a written claim to Harleysville, along with a repair estimate and a proof of loss in the amount of $402,801, seeking reconsideration of the denial.

15. The terms of the Policy, in particular Form CP 10300607 (Causes of Loss - Special Form), page 7 of 10, provide in Relevant part:

> D. Additional Coverage – Collapse
>
> 1. For the purposes of this Additional Coverage - Collapse, abrupt collapse means an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose.
>
> 2. We will pay for direct physical loss or damage to Covered Property, caused by abrupt collapse of a building or any part of a building that is insured under this Coverage Form or that contains Covered Property insured under this Coverage Form, if such collapse is caused by one or more of the following:
>
>    a. Building decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse…

16. Harleysville stopped payment of the $49,481.06 ACV check to Life Skills.

17. Harleysville neither accepted, rejected nor made payment on Life Skills' proof of loss.

18. As a result of Defendant Harleysville's refusal to make payment for the loss, the Plaintiff has sustained substantial damages, along with consequential and incidental damages.

## COUNT II (Declaratory Judgment)

19. The Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1-18.

20. There is an actual controversy which has arisen between Plaintiff Life Skills and Defendant Harleysville.

## COUNT III (Violation of G.L. c. 93A and 176D)

22. The Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1-21.

23. Plaintiff Life Skills and Defendant Harleysville are engaged in trade or commerce.

24. The Defendant's acts and omissions constitute unfair and deceptive acts and practices, in violation of G.L. c. 93A and 176D.

25. The Defendant's acts were willful and knowing.

26. The Defendant's actions and omissions have caused the Plaintiff a loss of money and other property.

WHEREFORE, the Plaintiff Life Skills prays:

1. that the Court enter judgment in favor of the Plaintiff for damages on Count I, along with interest and costs of suit;

2. that the Court declare the respective rights and obligations of the Plaintiff and the Defendant on Count II, pursuant to G.L. c. 231A;

3. that the Court enter judgment in favor of the Plaintiff for damages on Count III, along with double or treble damages, reasonable attorneys' fees interest and costs; and

4.       that the Court enter such other and further relief as the Court deems just and proper.

                                      For the Plaintiff
                                      By its attorneys,

*/s/ James E. Grumbach*

James E. Grumbach (BBO #213740)
jgrumbach@blc.law
BOSTON LAW COLLABORATIVE, LLC
80 William Street, Suite 200
Wellesley, MA 02481
(617) 439-4700

Dated:      June 23, 2022

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of this document was filed through the Electronic Case Filing system, and will be served upon the attorney of record for each party registered to receive electronic service on this 23rd day of June 2022.

Signed under penalty of perjury.

*James E. Grumbach, Esq.*
James E. Grumbach, Esq.